# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:11-CR-42-JRG** |
| **vs.** | § | |
| | § | |
| | § | |
| **JEFFERSON JONATHAN TAYLOR (4)** | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

The Government moved to revoke Defendant Jefferson Jonathan Taylor's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to Allegation 2 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 7 months of imprisonment to be followed by 12 months of supervised release.

### *Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Hydrocodone and Marijuana, a Class C felony (Count 1), and Use, Carrying, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony (Count 2), Defendant was sentenced on August 15, 2012, by the Honorable Leonard Davis, United States District Judge, to 30 months of imprisonment for Count 1 and 60 months of imprisonment for Count 2, to run consecutively, to be followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include access to financial information and participation in drug abuse testing and treatment. Count 1 carried a statutory maximum imprisonment term of 10 years and the guideline imprisonment range, based on a total offense level of 13 and a criminal

history category of IV, was 24 to 30 months.  Count 2 carried a statutory minimum imprisonment term of not less than 5 years and a statutory maximum imprisonment term of life.

On February 12, 2015, Judge Davis reduced Defendant's sentence to 87 months of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  Defendant completed his term of imprisonment and began serving his term of supervised release on September 29, 2017.  The case was reassigned to Chief Judge Rodney Gilstrap on May 4, 2018.

*Allegations*

In the Petition for Warrant or Summons for Offender under Supervision filed on September 13, 2018, United States Probation Officer Glenn Filla alleges that Defendant violated the following conditions of release:

<u>**Allegation 1**</u> (mandatory condition):  The defendant shall not commit another federal, state, or local crime.  It is alleged that Defendant was arrested by the Longview, Texas, police department on April 26, 2018 for the offense of Aggravated Assault with a Deadly Weapon—Family Violence (2nd degree felony).

<u>**Allegation 2**</u> (standard condition 7):  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.  It is alleged that Defendant used synthetic marijuana (K2) on or about August 23, 2018.

<u>**Allegation 3**</u> (special condition):  The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 120 days to commence immediately, and shall abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.  It is alleged that Defendant admitted he was unsuccessfully discharged from a Residential Reentry Center on August 23, 2018.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offenses of conviction were Class C and Class A felonies. The maximum sentence the Court may impose for the Class C felony is 2 years of imprisonment and the maximum sentence the Court may impose for the Class A felony is 5 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Aggravated Assault with a Deadly Weapon—Family Violence (2nd degree felony) as alleged in the petition, he is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The Guidelines, therefore, provide that Defendant's guideline range for a Grade A violation is 37 to 46 months of imprisonment. The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). The Guidelines provide that Defendant's guideline range for a Grade C violation is 6 to 12 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervision, or the violation includes conduct that constitutes more than one offense.  U.S.S.G. § 7B1.1(b).

*Hearing*

On October 10, 2018, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Allen Hurst announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Ken Hawk, for Defendant to enter a plea of true to Allegation 2 in the petition and to jointly request a sentence of 7 months of imprisonment to be followed by 12 months of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 in the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville or, alternatively, Texarkana, to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 in the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 7 months of imprisonment to be followed by 12 months of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.

It is further recommended that Defendant be sentenced to 7 months of imprisonment to be followed by 12 months of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 7 months of imprisonment to be followed by 12 months of supervised release and with a recommendation to the Bureau of Prisons to designate Defendant to FCI Seagoville or, alternatively, Texarkana.

So ORDERED and SIGNED this 10th day of October, 2018.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE