## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | CASE NUMBER 6:11-CR-00042-JDK-JDL |
| JEFFERSON JONATHAN TAYLOR (4), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 25, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jefferson Jonathan Taylor. The government was represented by Mary Ann Cosby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offenses of Conspiracy to Possess with Intent to Distribute Hydrocodone and Marijuana, a Class C felony (Count 1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony (Count 2). The United States Sentencing Guideline range for these offenses, based on a total offense level of 13 and a criminal history category of IV, was 24 to 30 months. Because Defendant had been convicted of an offense in violation of 18 U.S.C. § 924(c), the minimum term of imprisonment was five years to run consecutively to the other imprisonment term.

On August 15, 2012, District Judge Leonard Davis sentenced Defendant to 90 months imprisonment followed by five years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug treatment and testing. On September 29, 2017, Defendant completed his term of imprisonment and began his term of

supervised release. On October 11, 2018, the term of supervised release was revoked and Defendant was sentenced to 7 months imprisonment followed by an additional 12 months supervised release with the same conditions imposed.

Under the terms of supervised release, Defendant was prohibited from using any controlled substance, including marijuana. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when admitted to using marijuana on or about November 16, 2019. If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana on or about November 16, 2019, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by using marijuana as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 6 months imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Jefferson Jonathan Taylor's plea of true be accepted and he be sentenced to a term of 6 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant receive credit for time served since February 3, 2020. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration**.**

**So ORDERED and SIGNED this 25th day of February, 2020.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE